IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: : | |
| : | |
| BISHOP, et al., : | Bankruptcy Case No. 11-12338 (BLS) |
| : | |
| Debtors. : | |
| ROMIE D. BISHOP, : | |
| et al., : | |
| Appellant, : | |
| : | |
| v. : | Civil Action No. 13-977-RGA |
| : | |
| FEDERAL NATIONAL MORTGAGE : | |
| ASSOCIATION INC., : | |
| : | |
| Appellee. : | |

**MEMORANDUM ORDER**

This is an appeal from two related orders of the bankruptcy court. Appellant has filed a Brief. (D.I. 8). Appellees have filed a motion to dismiss (D.I. 10) with a brief in support. (D.I. 11). Appellant has responded with a motion to strike the motion to dismiss. (D.I. 13). Briefing on the motion to dismiss followed. (D.I. 14, 15).

The adversary complaint in the bankruptcy court alleged truth-in-lending violations (15 U.S.C. § 1641) against the defendants, in relation to Appellant's home, and sought damages. The bankruptcy court held the matter in abeyance, as there was a Superior Court mortgage foreclosure case pending against the same property. On March 4, 2013, the Superior Court, after a bench trial, rejected Appellant's arguments that the assignments were "deficient and fraudulent." (D.I. 11-1, at 12). The bankruptcy court subsequently held that those issues would not be relitigated, and that the complaint did not otherwise state a claim upon which relief could be granted. (D.I. 1-1 at 2, ¶¶ 4 & 5). The bankruptcy court denied Appellant's subsequent

motion for reconsideration. (D.I. 1-2).

In this appeal, the first thing I consider is Appellant's motion to strike. (D.I. 13). The basis for this is that Appellees filed their motion to dismiss on August 13, 2013, but did not file their corporate disclosure statement until August 14, 2013. The relevant rule states that the corporate disclosure statement "must" be filed with the party's "first appearance, pleading, etc." Fed. R. Civ. P. 7.1(b)(1). Appellees evidently did not comply with this requirement. The purpose of the requirement is to provide timely notice to the judge of matters that may require recusal as a result of the judge's financial interest. The Rule 7.1 disclosure in this case reveals that Appellees have no parent corporation and that no publicly held corporation owns more than 10% of the stock. Thus, the one-day late filing is doubly harmless – harmless because its filing revealed nothing that would affect recusal and harmless because it was one day late on a non-urgent matter.[1] Appellant's motion to strike (D.I. 13) will therefore be **DENIED**.

Thus, the briefs before me are Appellant's brief (D.I. 8) and Appellees' brief. (D.I. 11). Appellee's brief acknowledges Appellant's brief. (D.I. 11, at 4). Filing a motion to strike does not act as a stay of the requirement to respond to a motion. Thus, the time for filing any more papers has run out. Nevertheless, Appellant has not responded on the merits to Appellee's brief. Perhaps that is as Appellant wants it. Nevertheless, in order to make sure there is no misunderstanding, the Court will give Appellant an opportunity to respond to Appellee's brief, if he so chooses, so long as the response is filed by November 27, 2013. To be clear, Appellant is

---

[1] Appellant claims that the Court holds Appellees, who are represented by counsel, to a more lax standard than it has previously held Appellant, who is *pro se* not only on this appeal but on his earlier appeals. I have not reviewed the various orders I have entered dismissing Appellant's various appeals, but I do recall that at least some of the dismissals were because of jurisdictional defects caused by Appellant's missing deadlines. On those, I had no discretion. The various orders speak for themselves, of course, but on other issues about which I had discretion, I believe that I have taken Appellant's *pro se* status into account.

not required to file anything. The appeal will be considered ready for decision on November 28, 2013.

November 6, 2013
Date

/s/ Richard G. Andrews
United States District Judge