IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 13 |
| BISHOP., et al., ) | Bankr. No. 11-12338(BLS) |
| ) | Adv. Pro. No. 12-50912(BLS) |
| Debtors. ) | |

| | |
|---|---|
| ROMIE D. BISHOP, ) | |
| ) | |
| Appellant, ) | Civ. No. 13-977-RGA |
| ) | |
| v. ) | |
| ) | |
| FEDERAL NATIONAL MORTGAGE ) | |
| ASSOCIATION INC., et al., ) | |
| ) | |
| Appellees. ) | |

Romie D. Bishop, Middletown, Delaware; Pro Se Appellant.

Eric John Monzo, Esq., Morris James LLP, Wilmington, Delaware; Counsel for Appellees.

## **MEMORANDUM OPINION**

March 21, 2014
Wilmington, Delaware

*Andrew G. Andrews*

**ANDREWS, U.S. District Judge:**

Appellant Romie D. Bishop filed this bankruptcy appeal on June 3, 2013. He appears *pro se.* His appeal arises from dismissal of the amended complaint in an adversary proceeding he brought in the United States Bankruptcy Court for the District of Delaware against Federal National Mortgage Association, Inc., Fannie Mae CMO, Inc., and Federal National Mortgage Association, *Bishop v. Federal National Mortgage Assoc., Inc.*, Adv. Pro. No. 12-50912(BLS) (Bankr. D. Del.), and the denial of his motion for reconsideration.

## I. BACKGROUND[1]

Debtors Romie David Bishop and Shirley Ann Bishop purchased real property in Wilmington, Delaware in May 2007. The Bishops borrowed money for the purchase from Cardinal Financial Company with Mortgage Electronic Registration Systems, Inc. as the nominee for Cardinal and the mortgagee. *See CitiMortgage, Inc. v. Bishop*, 2013 WL 1143670 (Del. Super. Ct. 2013). The Bishops executed the mortgage on May 4, 2007. *Id.* at *1. The loan was evidenced by a promissory note and secured by a mortgage on the property. *Id.* On May 17, 2007, CitiMortgage, Inc. became the servicer and investor (i.e., owner) of the note and mortgage. *Id.* at *4. Fannie Mae[2]

---

[1] The recitation of background mostly comes from the Superior Court's opinion, and is recited simply to frame the issues. As noted *infra*, for procedural reasons, the Superior Court's opinion cannot be relied upon to establish the relevant facts.

[2] The name Fannie Mae is an acronym for Federal National Mortgage Association. *See Delaware Cnty., Pa. v. Federal Hous. Fin. Agency*, 2013 WL 1234221, at *1 n.1 (E.D. Pa. Mar. 26, 2013).

2

purchased the note and mortgage on June 28, 2007 (see Adv. Pro. No. 12-50912(BLS),

D.I. 4, ¶ 23), and CitiMortgage continued to service the note and mortgage.

*Citimortgage*, 2013 WL 1143670, at *4, *6; *see also* Adv. Pro. No. 12-50912(BLS) at

D.I. 16, Ex. A. On July 17, 2009, MERS, as nominee for Cardinal, assigned and

transferred the mortgage to CitiMortgage, pursuant to an assignment of mortgage. *See*

*CitiMortgage, Inc.*, 2013 WL 114360, at *2. On November 12, 2009, a confirmatory

assignment of mortgage was executed between MERS, as Cardinal's nominee, and

CitiMortgage to "correct a computer generated error setting forth the incorrect date of

the Notary Signature." *Id.*

The debtors stopped making payments on the note in early November 2008. *Id.*

at *3. On July 27, 2009, CitiMortgage initiated a foreclosure action in the Superior

Court of the State of Delaware in and for New Castle County. *Id.* The debtors

challenged the validity of the assignment and the confirmatory assignment, arguing that

the documents were deficient and fraudulent. *Id.* On July 27, 2011, the debtors filed a

petition for bankruptcy relief under Chapter 13 in the United States Bankruptcy Court for

the District of Delaware, *In re: Bishop*, Bankr. No. 11-12338(BLS). The foreclosure

action was set to be tried on October 31, 2011, but the matter was stayed by the

bankruptcy court.

On January 17, 2012, Appellant instituted an adversary proceeding and filed a

complaint against CitiMortgage and other defendants asserting causes of action under

state and federal statutes. *See Bishop v. CitiMortgage, Inc.*, Adv. Pro. No.

12-50077(BLS) (Bankr. D. Del.) at D.I. 1. The CitiMortgage defendants filed a motion to

3

dismiss and asked the bankruptcy court to abstain from hearing the complaint due to its foundation in the foreclosure action. *See* Adv. Pro. No. 12-50077(BLS) at D.I. 36 and 37.

On October 3, 2012, Appellant filed a second adversary complaint in *Bishop v. Federal National Mortgage Association, Inc.,* Adv. Pro. No. 12-50912(BLS) (Bankr. D. Del.), amended October 12, 2012, the adversary proceeding that he now appeals. *Id.* at D.I. 1, 4. On November 13, 2012, the Appellees filed a motion to dismiss arguing that Appellant lacked standing and that the amended adversary complaint failed to state a claim upon which relief could be granted. *Id.* at D.I. 15, 16. In addition, Appellees argued that the allegations were confusing, difficult to follow, impossible to respond to, and that Appellant offered no evidence that Federal National Mortgage Association, Inc. or Fannie Mae CMO were viable entities. *Id.* D.I. 16. Appellant did not respond to the motion to dismiss. Instead, he filed a motion to strike the motion to dismiss. *Id.* at D.I. 23. The bankruptcy court held the matter in abeyance due to the Superior Court mortgage foreclosure case.

The bankruptcy court had granted relief from the stay on May 21, 2012, and, in January 2013, the foreclosure proceeding was tried in the Superior Court. *See In Re: Bishop*, Bankr. No. 11-12338(BLS) at D.I. 211. The Superior Court issued its memorandum opinion on March 4, 2013, rejected Appellant's arguments that the assignments were "deficient and fraudulent," found in favor of CitiMortgage, and permitted CitiMortgage to foreclose on the property. *See CitiMortgage, Inc.*, 2013 WL 114360.

4

On March 8, 2013, oral argument was heard on the motion to dismiss the

adversary proceeding that is the subject of this appeal, Adv. Pro. No. 12-50912(BLS).

*See In Re: Bishop*, Bankr. No. 11-12338(BLS) at D.I. 404. The bankruptcy court

considered Appellant's motion to strike as a response to the motion to dismiss. Adv.

Pro. No. 12-50912(BLS) at D.I. 33. On March 27, 2013, the bankruptcy court granted

the motion to dismiss. It found the Superior Court's opinion persuasive and dispositive

of Appellant's arguments regarding CitiMortgage's standing and whether the

assignments were deficient and fraudulent, and stated that it would not revisit the

issues. In addition, the bankruptcy court found that Appellant's allegations failed to

state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). *Id.*

at D.I. 33 at 2, ¶¶ 4, 5. Appellant filed a motion for reconsideration, but the bankruptcy

court rejected Appellant's arguments and found that he had not met the applicable

standard for reconsideration.[3] *Id.* at D.I. 39.

Appellant filed the instant appeal on May 16, 2013. (*Id.* at D.I. 42). The appeal

was opened in this Court on June 3, 2013. (D.I. 1). On July 30, 2013, Appellant filed a

lengthy brief. (D.I. 8). On August 13, 2013, Appellees filed a brief and motion to

dismiss the appeal, and Appellant responded with a motion to strike the motion to

dismiss. (D.I. 10, 11, 13). This Court denied the motion to strike on November 6, 2013,

and gave Appellant additional time to file a response to Appellees' brief. (D.I. 17). On

November 12, 2013, Appellant filed a motion for reconsideration of the November 6,

---

[3] In Appellant's motion for reconsideration, he argued that the bankruptcy court
erred in relying upon the March 4, 2013 Superior Court Order as it was under appeal.
(Adv. Pro. No. 12-50912(BLS), D.I. 37 at 2).

5

2013 order, which was opposed by Appellees. (D.I. 18, 19). He also filed a responsive brief to Appellees' motion to dismiss the appeal on November 27, 2013. (D.I. 20). On the same day, Appellant filed a motion to change venue of this matter to the United States District Court for the Middle District of Florida. (D.I. 21). Thus, on the merits of the appeal, the briefs are at D.I. 8, 11, and 20. (See D.I. 17, describing history).

The Court turns first to Appellant's motion for reconsideration and motion to change venue.

## II. MOTION FOR RECONSIDERATION

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

The Court finds that Appellant has failed to demonstrate any of the aforementioned grounds to warrant a reconsideration of the Court's November 6, 2013 memorandum order (D.I. 17) that denied his motion to strike Appellees' motion to dismiss. Therefore, the Court will deny Appellant's motion for reconsideration. (D.I. 18).

6

## III. CHANGE OF VENUE

Appellant moves for a change of venue pursuant to 28 U.S.C. § 1404(b) based upon his lack of confidence in this Court and his belief that he will not receive a fair hearing in violation of his right to due process. (D.I. 21). In reading the motion, it appears that Appellant seeks a change of venue because he is unhappy with this Court's November 6, 2013 ruling. (See D.I. 17). Appellant moves to change venue from this Court to the United States District Court for the Middle District of Florida or "any other Circuit that does not border the Third's Circuit's jurisdiction." (Id.)

Section 1404(b) provides that, "[u]pon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district." When determining whether to transfer a case between divisions (an "intradistrict transfer"), courts are guided by the same factors that apply to transfers between districts (an "interdistrict transfer"). See Zanghi v. Freight Car Am., Inc., 2014 WL 130985, at *9 (W.D. Pa.2014). "At a minimum the Court must consider whether a transfer would be convenient to the parties and witnesses and in the interest of justice." (Id.) (citations omitted).

Appellant invokes § 1404(b) which provides for an intradistrict transfer, but states that he wishes his case to be heard in any Circuit that does not border the Third Circuit. He rests his motion on an incorrect statute. In addition, having reviewed the motion, the Court determines that Appellant has not provided sufficient grounds to change venue

7

and transfer the matter from this Court. Accordingly, the Court will deny the motion.

(D.I. 21).

## IV. BANKRUPTCY APPEAL

### A. Standard of Review

This court has jurisdiction to hear an appeal from the bankruptcy court pursuant
to 28 U.S.C. § 158(a). In undertaking a review of the issues on appeal, the court
applies a clearly erroneous standard to the bankruptcy court's findings of fact and a
plenary standard to that court's legal conclusions. *See American Flint Glass Workers
Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir. 1999).

"Generally, an appellant's failure to present and argue issues in the opening brief
would result in waiver of the issues on appeal. *See Kost v. Kozakiewicz*, 1 F.3d 176,
182 (3d Cir.1993); Fed. R. App. P. 28(a). However, [appellant] proceeds pro se, and
accordingly, we construe his pleadings liberally." *Laughlin v. Peck*, 2014 WL 115201
(3d Cir. 2014) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

### B. Discussion

While not set forth specifically, Appellant appears to raise the following issue for
review: whether the bankruptcy court erred in granting Appellees' motion to dismiss the
amended complaint in Adv. Pro. No. 12-50912(BLS) and in denying his motion for
reconsideration.

Appellees move for dismissal of the appeal on the grounds that Appellant failed
to specify any appealable issue for the Court to consider. Appellant responds that he
does not argue the merits of the motion to dismiss "for the motion to dismiss is not to be

8

considered anyway." (D.I. 20 at 3, ¶ 8). Appellant asks the Court to deny the motion to dismiss, reverse the bankruptcy court's orders and remand the matter for a full hearing (or, alternatively, to enter a judgment of default for Appellees' attorney "filing papers without first creating standing."). (Id. at 4).

The amended adversary complaint raises claims under the Truth in Lending Act, 15 U.S.C. § 1641, and alleges that the assignment to CitiMortgage is not legal. Adv. Pro. No. 12-50912(BLS) at D.I. 4.

Appellant's Opening Brief (D.I. 8) concentrates on a number of issues that cannot reasonably be argued. For example, Appellant argues that Fannie Mae's attorneys did not properly enter their appearance. (D.I. 8 at 18, points "d" & "e"). The relevant rule, however, states, "An attorney appearing for a party in a case . . . shall file a notice of appearance with the attorney's name, office address and telephone number, unless the attorney's appearance is otherwise noted in the record." Fed. R. Bankr. P. 9010(b). The first appearance by Fannie Mae's attorneys in the adversary proceeding was on November 13, 2012, and its motion noted that Fannie Mae was filing the pleading "through their attorneys," who were then listed on the second page with their names, office addresses, and telephone number, as well as the notation, "Counsel for [the Defendants]." (Adv. Proc. No. 12-50912(BLS), D.I. 15). Appellant does not and cannot argue that he did not know who was representing Fannie Mae. His argument that the bankruptcy court committed some sort of error by not striking Fannie Mae's pleadings is therefore without merit. His further argument that therefore Fannie Mae (or its attorneys) did not have standing to file a motion to dismiss the amended complaint (D.I. 8 at 17-18, points "a" & "c") is thus also without any merit. He also argues that the

9

bankruptcy court "abused its discretion by ruling in favor of a filing that made no allegations for the Court to consider." (D.I. 8 at 18, point "b"). A review of the motion to dismiss and the accompanying brief (Adv. Pro. No. 12-50912(BLS), D.I. 15, 16) indicates that it made three arguments, two of which involved Appellant's lack of standing and the complaint's failure to state a claim upon which relief could be granted. Thus, the bankruptcy court did not abuse its discretion in ruling on the motion.

An additional argument that Appellant makes is that the bankruptcy court improperly considered documents submitted with the motion to dismiss. "In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of America*, 361 F.3d 217, 221 n.3 (3d Cir. 2004). The only document that the bankruptcy court relied upon was Judge Scott's opinion, which the bankruptcy court could properly use for some purposes, but not for others. "While a prior judicial opinion constitutes a public record of which a court may take judicial notice, it may do so on a motion to dismiss only to establish the existence of the opinion, not for the truth of the facts asserted in the opinion." *Id.* When the document is specifically referenced in the complaint, the court may examine the decision to see if it contradicts the complaint's legal conclusions or factual claims. *See Southern Cross Overseas Agencies, Invc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 427 (3d Cir. 1992). Thus, the bankruptcy court's holding – that the Superior Court had decided a number of the issues and that those issues need not be revisited – may have gone beyond what was permitted by Third Circuit

10

precedent. In essence, the bankruptcy court's decision converted the motion to dismiss

on those issues into a summary judgment proceeding.

### 1. Res Judicata

In granting the motion to dismiss, the bankruptcy court determined that the

Superior Court's findings had a preclusive effect on certain issues raised in the

adversary proceeding. A court may decide a Rule 12(b)(6) motion to dismiss based on

preclusion grounds so long as the affirmative defense of preclusion is apparent on the

face of the complaint. *See Brody v. Hankin*, 145 F. App'x 768, 771-72 (3d Cir. 2005).

Res judicata or claim preclusion "requires a showing that there has been: (1) a

final judgment on the merits in a prior suit involving (2) the same claim, and (3) the

same parties or their privies." *E.E.O.C. v. United States Steel Corp.*, 921 F.2d 489, 493

(3d Cir. 1990). Collateral estoppel or issue preclusion, requires of a previous

determination that: "(1) the identical issue was previously adjudicated; (2) the issue

was actually litigated; (3) the previous determination was necessary to the decision; and

(4) the party being precluded from relitigating the issue was fully represented in the

prior action." *United States v. 5 Unlabeled Boxes*, 572 F.3d 169, 173-74 (3d Cir. 2009).

The "preferred usage" of the term res judicata "encompasses both claim and issue

preclusion." *Id.* at 174.

As determined by the bankruptcy court:

> The Debtors make the same arguments here – challenging Citi's standing
> on the grounds that Citi is not the servicer or owner of the loan, and the
> mortgage and note, or assignments thereof, are deficient and fraudulent –
> on claims that were litigated and adjudicated in Citi's favor by the Superior
> Court. As such, this Court will not revisit those issues.

11

See Adv. Pro. No. 12-50912(BLS) at D.I. 33, ¶ 4. The bankruptcy court found the

Superior Court's opinion persuasive and dispositive of Appellant's arguments with

regard to bankruptcy proof of claims Nos. 12 and 16. Id. The foreclosure action was

tried in Superior Court and the issues asserted were actively litigated. Hence, the

Superior Court's findings appear to preclude Appellant from raising claims that

challenge CitiMortgage's standing and/or that the mortgage and note at issue, or

assignments thereof, are deficient and fraudulent.[4] Nevertheless, since it appears that

the wrong procedural vehicle (a motion to dismiss rather than a motion for summary

judgment) was used, the Court will vacate this portion of the order (D.I. 33, ¶ 4) for

further consideration using the summary judgment standard. The Court has considered

whether harmless error might apply, see Brody, 145 F. App'x at 773 n.7, and believes

that it is a close question. In view of the Court's decision to remand the case on other

grounds infra, the Court believes the better course is also to do so on this ground.

## 2. Standing

A review of the first amended adversary complaint reveals that Appellant

incorrectly equates the July 19, 2009 assignment and the November 12, 2009

confirmatory assignment to CitiMortgage with disclosure statements that are required

---

[4]As previously noted (page 5, footnote 3), Appellant stated on reconsideration
that he was working on an appeal of the State court action. It does not appear that
Appellant actually appealed the decision of the Superior Court to the Delaware
Supreme Court. No one has cited the case number of an appeal. Further, it appears
that the appeal was taken to the Bankruptcy Court. (Bankr. No. 11-12338(BLS), D.I.
408 (noticing an appeal from the opinion of Judge Scott dated March 4, 2013)). The
Bankruptcy Court does not have jurisdiction of appeals from Superior Court. Thus, it
appears that the Superior Court decision is a final judgment.

12

under the Truth in Lending Act. *See* 15 U.S.C. § 1641(a).[5] The Truth in Lending Act provides for penalties if the creditor fails to make certain disclosures required under the statute. *See* 15 U.S.C. § 1640(a). The amended adversary complaint alleges that the assignment and confirmatory assignment are false. *See* Adv. Pro. No. 12-50912(BLS) at D.I. 4, ¶¶ 1-8, 22-44, 52-58, 60-63, 70, 73-75). In addition, it alleges that the assignment to CitiMortgage is not legal. *Id*. at ¶ 59. As discussed above, the Superior Court rejected these arguments.

Generally, to have standing, a plaintiff must be a party to or a third-party beneficiary of the disputed contract. *NAMA Holdings, LLC v. Related Work Market Ctr., LLC*, 922 A.2d 417, 434 (Del. Ch. Ct. 2007). Courts have routinely found that a debtor may not challenge an assignment between an assignor and assignee. *See In re Walker*, 466 B.R. 271, 285-86 (E.D. Pa. Bankr. 2012) (debtor lacked standing to challenge the assignment of the note because the debtor was unaffected by the assignment); *see also Livonia Property Holdings, L.L.C. v. 12840-12976 Farmington Road Holdings*, 717 F. Supp. 2d 724 (E.D. Mich. 2010) (plaintiff borrower did not have standing to dispute the validity of an assignment between assignor and assignee because plaintiff was "a non-party to those documents."). Based upon the well-established law in this area, Appellant lacks standing to challenge the mortgage assignment. Thus, the bankruptcy court correctly dismissed those claims.

_____

[5]Pursuant to § 1641(a): "a violation apparent on the face of the disclosure statement includes, but is not limited to (1) a disclosure which can be determined to be incomplete or inaccurate from the face of the disclosure statement or other documents assigned, or (2) a disclosure which does not use the terms required to be used by this subchapter." 15 U.S.C. § 1641(a).

### 3. Truth in Lending Act

Finally, the bankruptcy court dismissed the amended adversary complaint

pursuant to Fed. R. Civ. P. 12(b)(6) "to the extent that debtors assert additional

arguments not asserted or decided in Superior Court" for failure to state a claim upon

which relief could be granted. Adv. Pro. No. 12-50912(BLS) at D.I. 33, ¶ 5.  The

bankruptcy court did not specify the "additional arguments."  However, as best as can

be discerned, it appears that they are the claims raised under 15 U.S.C. § 1641(g).[6]

Appellant alleges that Appellees failed to comply with § 1641(g) which provides that the

creditor that is the new owner or assignee of the debt shall give notice to a borrower

within thirty days after the date on which a mortgage loan is sold or otherwise

transferred or assigned to a third party. *See* Adv. Pro. No. 12-50912(BLS) at D.I. 4, ¶¶

9-14, 45-51, 64-69, 71-72.

A complaint will survive a Rule 12(b)(6) motion only if it states "sufficient factual

allegations, accepted as true, to 'state a claim for relief that is plausible on its face."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544,

570 (2007)).  The pleading standard will be met if the complaint "pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  While

the complaint need not demonstrate that a defendant is probably liable for the

wrongdoing, allegations that give rise to the mere possibility of unlawful conduct will not

---

[6] *See* Adv. Pro. No. 12-50912(BLS), D.I. 39, ¶ 4 (referring to "Federal statutory claims").  The Truth in Lending claims were not at issue in the Delaware mortgage foreclosure case.

14

do. *Iqbal*, 556 U.S. at 679; *Twombly*, 550 U.S. at 557. Federal Rule Civil Procedure 8(a) "requires not merely a short and plain statement, but instead mandates a statement 'showing that the pleader is entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008).

An action under § 1641(g) can only be brought against creditors or their assignees. *See Mourad v. Homeward Residential, Inc.*, 517 F. App'x 360, 364 (6th Cir. 2013). Where a complaint fails to allege any facts showing that the defendant falls within Truth in Lending Act's definition of "creditor," the complaint fails to state a claim. *See Dufour v. Home Show Mortgage Inc.*, 2012 WL 6049683, *6 (D. Ariz. Dec. 5, 2012) (dismissing § 1641(g) claim where complaint failed to allege sufficient facts to show that defendant, the beneficiary under a deed of trust, was a Truth in Lending Act "creditor").

Under § 1641(g), the "disclosure obligation is triggered only when ownership of the 'mortgage loan' or 'debt' itself is transferred, not when the instrument securing the debt (that is, the mortgage) is transferred." *See Giles v. Wells Fargo Bank*, 519 F. App'x 576, 578 (11th Cir. 2013) (per curiam). Regulation Z, provides that a person is covered by § 1641(g) if he or she "becomes the owner of an existing mortgage loan by acquiring legal title to the debt obligation, whether through a purchase, assignment or other transfer." 12 C.F.R. § 1026.39(a)(1). "[C]ase law confirms that what matters for § 1641(g) purposes is transfer of the debt obligation, not merely assignment of the mortgage." *Connell v. CitiMortgage, Inc.*, 2012 WL 5511087, *8 (S.D. Ala. Nov. 13, 2012) (listing supporting cases).

Appellant proceeds *pro se* and his pleadings must be liberally construed. While not totally clear, it seems that Appellant attempted to raise claims under § 1641(g) of the Truth in Lending Act for the alleged failure to provide him notice of the assignment as required under § 1641(g) of the Truth in Lending Act.[7] The bankruptcy court dismissed the amended adversary complaint for failure to state a claim upon which relief may be granted. I agree that the amended complaint does not state a claim upon which relief can be granted. The bankruptcy court did not indicate whether the pleading defects could be cured upon amendment. Even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to a Rule 12(b)(6) dismissal, the court must permit a curative amendment, unless an amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

The bankruptcy court should have granted Appellant leave to amend his adversary complaint to correct his pleading defects. It is not clear that allowing such an amendment would have been inequitable, and it is not clear that allowing the amendment would have been futile.[8] In light of the foregoing, the Court concludes that

[7]To prevail on a claim for damages for violations of Truth in Lending Act, a plaintiff must bring suit within one year from "the date of the occurrence of the violation." 15 U.S.C. § 1640(e). It may be that the Truth in Lending Act claims are barred by the applicable statute of limitations. *See* 15 U.S.C. § 1640; *see also Ramadan v. Chase Manhattan Corp.*, 156 F.3d 499, 505 (3d Cir. 1998) (Truth in Lending Act's statute of limitations "is not jurisdictional and is therefore subject to equitable tolling").

[8] The allegations of the amended complaint can be difficult to understand. The amended complaint states a date when a "transfer" to Fannie Mae was completed, and that Fannie Mae gave false information to the Appellant regarding the name of the Creditor. Adv. Pro. No. 12-50912(BLS), D.I. 4, at ¶¶ 23, 26. There are specific, although factually unsupported, allegations of § 1641(g) violations. *Id.* at ¶¶ 46-50. It is not clear when Appellant is supposed to have learned of these violations.

16

the bankruptcy court erred in dismissing the § 1641(g) Truth in Lending Act claims
without giving Appellant an opportunity to amend the claims. Therefore, the Court will
vacate the dismissal of Appellant's Truth in Lending Act claims under § 1641(g) for
consideration of the claims after Appellant has filed an amended complaint as to those
issues.

## V. CONCLUSION

For the reasons explained, the motion to dismiss the appeal (D.I. 10) is granted
in part and denied in part, the motion for reconsideration (D.I. 18) is denied, and the
motion to change venue (D.I. 21) is denied. The Court will affirm the bankruptcy court's
dismissal, and denial of the motion for reconsideration, in all respects except in relation
to its acceptance of the facts found by the Superior Court, the impact of those facts on
bankruptcy proofs of claims Nos. 12 and 16, and the Truth in Lending Act claims based
on § 1641(g). The case is remanded to the bankruptcy court for proceedings consistent
with this Memorandum Opinion.

An order consistent with this opinion will be issued.